CLERK
U.S. DISTRICT COURT
**UNITED STATES DISTRICT COURT** DISTRICT OF NEW JERSEY
**FOR THE DISTRICT OF NEW JERSEY** RECEIVED

2011 JUL 10 P 1: 00

In Re:

**ZUCKER, GOLDBERG & ACKERMAN, LLC**
**(A/K/A YANKEE TITLE)**

**DEBTOR**

**CAROLYN BAILEY**

Appellant

v.

**ZUCKER, GOLDBERG & ACKERMAN, LLC;**
**(A New Jersey Law Firm)**

**MICHAEL S. ACKERMAN, ESQ.**
**In His Role As Managing Partner for**
**Zucker, Goldberg & Ackerman, LLC, And**
**In His Individual Capacity**

**JOHN DOES 1-100**

Appellees

**No. 3:17-cv-04200-BRM**

On appeal from orders of the
United States Bankruptcy Court
for the District of New Jersey,
Case No: 15-24585 (CMG)

**ORAL ARGUMENT REQUESTED**

---

# APPELLANT'S BRIEF

---

**Carolyn Bailey, Appellant**
14 Cliff Street
Newark, New Jersey 07106-1628
973-399-9299
On the Brief

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ……………………………………………………………i

INDEX TO APPENDIX AND TRANSCRIPTS ……………………………………ii-iii

I.     PRELIMINARY STATEMENT …………………………………………………1-2

II.    STATEMENT OF JURISDICTION AND REVIEW

       A.     Statement of Jurisdiction …………………………………………….2

       B.     Standard of Review ………………………………………………..2

III.   STATEMENT OF FACTS……………………………………………………3-4

IV.    STATEMENT OF THE ISSUES PRESENTED ……………………..…………..…4

V.     ARGUMENT …………………………………………………………………...5-7

VI.    CONCLUSION ………………………………………………………..……7

VII.   STATEMENT REGARDING ORAL ARGUMENT …………………………..8

CERTIFICATE OF SERVICE ………………………………………………………9

CERTIFICATE OF COMPLIANCE ………………………………………………..…10

## TABLE OF AUTHORITIES

**Cases**                                                                        **Page(s)**

In Re Cameron Const. & Roofing Co., Inc.,
     United States Bankruptcy Court, D. Massachusetts  Case No. 14-13723-JNF
     Adv. P. No. 15-1121 (565 B.R. 1 (2016)) ...................................................................5

In re M & S Grading, Inc.
     526 F.3d 363 (8th Cir 2008)..................................................................................2

In re United Healthcare System, Inc.,
     393 F.3d 247 (3d Cir. 2005)..................................................................................2

In re Zucker Goldberg & Ackerman, LLC,  United States Bankruptcy Court, D. New Jersey
     Case No. 15-24585-CMG ...........................................................................passim
          Doc. 688  Judge Donald Steckroth Examiner Report .............................1,5
          Doc. 689  Carolyn Bailey Limited Objection To Examiner Report ...............1
          Doc. 797  Carolyn Bailey Limited Objection to 1st Combined Plan ..............1
          Doc. 832  Carolyn Bailey Limited Objection to 2nd Modified Plan ..............1,4

**Statutes, Rules and Other Authorities**

18 U.S.C. § 4  Misprision of felony ...............................................................1, 5, 7

28 U.S.C. § 158  Bankruptcy appeals ...................................................................2

Fed. R. Bankr P.  8001(a) General scope of appeal ...................................................2

Fed. R. Bankr P.  8013  Motions .......................................................................2

Carolyn Bailey *Disciplinary Complaint* to New Jersey Supreme Court re
     Michael S. Ackerman, Esq. Embezzlement (April 10, 2017)
     http://hurtinghomeowners.com/embezzlement.html .......................................................1

David Gialanella, *Zucker Goldberg Commingled Finances With Software Company, Examiner's
Report Says,* New Jersey Law Journal (November 10, 2016)
     http://www.njlawjournal.com/id=1202771900545/Zucker-Goldberg-Commingled-
     Finances-With-Software-Company-Examiners-Report-
     Says?mcode=1202615653063&slreturn=20161015175127 ...............................1

Jeannie O'Sullivan, *NJ Firm's Bankruptcy Estate Could Sue Insiders, Report Says,*
     Law360 (November 8, 2016) https://www.law360.com/articles/861018/nj-firm-s-
     bankruptcy-estate-could-sue-insiders-reportsays ..............................................1

## BAILEY v ZUCKER GOLDBERG US DISTRICT COURT-NJ
### APPEAL APPENDIX VOLUMES 1 AND 2
### DOCKET # No.  3:17-cv-04200-BRM
### (On appeal from US Bankruptcy Court-NJ  Case # 15-24585-CMG)

<table>
<tr><td></td><td>·   DESCRIPTION OF DOCUMENTS</td><td>PAGE #</td></tr>
<tr><td>1</td><td>Notice of Appeal  [Doc 878 USBCt]  (June 8, 2017)<br>   Order Denying Motion for Relief from Stay [Doc 862 USBCt]<br>     (May 30, 2017)<br>   Order Denying Motion To Lift Stay and Grant Cross Motion To Expunge<br>     Claim 76 [Doc 864 USBCt] (May 30, 2017)<br>   Certification of Service by Appellant [Doc 880 USBCt]</td><td>A001-A009</td></tr>
<tr><td>2</td><td>Statement of Issues [Doc 879 USBCt]  (June 8, 2017)</td><td>A010</td></tr>
<tr><td>3</td><td>Designation of Record [Doc 879 USBCt]  (June 8, 2017)</td><td>A011</td></tr>
<tr><td>4</td><td>Transmittal of Appeal Documents [Doc 882 USBCt]  (June 9, 2017)</td><td>A012</td></tr>
<tr><td>5</td><td>Certification of Service by Deputy Bankruptcy Clerk [Doc 881 USBCt]<br>   (June 9, 2017).</td><td>A013</td></tr>
<tr><td>6</td><td>Notice of Motion To Lift Stay [Doc 119 USBCt] (August 24, 2015)</td><td>A014-034</td></tr>
<tr><td>7</td><td>Debtor's Opposition To Motion For Relief [Doc 165 USBCt]<br>   (September 15, 2015)<br>   Exhibit A-Brief of Carolyn Bailey for New Jersey Appellate Division</td><td>A035-064</td></tr>
<tr><td>8</td><td>Reply To Debtor's Opposition [Doc 169 USBCt] (September 15 2015)</td><td>A065-069</td></tr>
<tr><td>9</td><td>Order Granting Partial Relief [Doc 183 USBCt] (October 13, 2015)</td><td>A070-071</td></tr>
<tr><td>10</td><td>Notice of Motion To Lift Stay [Doc 662 USBCt] (September 15, 2016)</td><td>A072-087</td></tr>
<tr><td>11</td><td>Letter Objection to Motion to Extend Order [Doc 668 USBCt]<br>   (September 28, 2016)</td><td>A088-098</td></tr>
<tr><td>12</td><td>Certification In Reply To Opposition [Doc 671 USBCt]<br>   (October 3, 2016)</td><td>A099-104</td></tr>
</table>

**BAILEY v ZUCKER GOLDBERG** US DISTRICT COURT-NJ
APPEAL APPENDIX VOLUMES 1 AND 2
DOCKET # No. 3:17-cv-04200-BRM
(On appeal from US Bankruptcy Court-NJ  Case # 15-24585-CMG)

DESCRIPTION OF DOCUMENTS                          PAGE #

| | | |
|---|---|---|
| 13 | Order Vacating Stay [Doc 674 USBCt] (October 11, 2016) | A105-107 |
| | **VOLUME 2** | |
| 14 | Notice of Motion To Lift Stay [Doc 831 USBCt] (May 3, 2017) | A108-124 |
| 15 | Response of Debtor – Partially related to Motion for Relief [Doc 833USBCt] (May 4, 2017) | A125-126 |
| 16 | Debtor Objection to Motion To Lift Stay and Cross Motion To Expunge Claim 76 [Doc 840 USBCt] (May 12, 2017) | A127-141 |
| 17 | Claim 76 by Creditor/Appellant (December 4, 2015) | A142-158 |
| 18 | Reply To Debtor's Objection and Answer to Cross Motion [Doc 847 USBCt] (May 22, 2017) Exhibit A -- Replica of Emails to Judge Donald Steckroth | A159-181 |
| | **TRANSCRIPTS** | |
| 19 | September 25, 2015 Hearing on Motion to Lift Stay [Doc 630/T1 USBCt] | A182-195 |
| 20 | October 7, 2016 Hearing on Motion To Lift Stay [Doc _____/T2 USBCt] | A196-201 |
| 21 | May 25, 2017 Hearing on Motion To Lift Stay and Cross Motion To Expunge Claim 76 [Doc _____/T3 USBCt] | A202-212 |

## PRELIMINARY STATEMENT

A "simple" RICO case against Zucker Goldberg & Ackerman LLC and Michael S. Ackerman, Esq. mushroomed, at warp speed, into:

> 1) Co-mingling of assets.  (See Examiner Report by Judge Donald H. Steckroth, In re Zucker Goldberg  Case 15-24585-CMG, Doc 688 and related news articles.)

> 2) **EMBEZZLEMENT CRIMES** by Michael S. Ackerman, Esq. totaling $1,000,000 or more.  (See In re Zucker Goldberg, Case #15-24585-CMG, Docs 689, 797, 832, and 847 (A159-181)).

> 3)  Misprision of Felony/obstruction of justice.  (See In re Zucker Goldberg Case #15-24585-CMG, Doc 847 (A159-181) and 18 U.S.C. § 4.)

The common factor in each scenario is Michael S. Ackerman, Esq.  After all, leopards do not change their spots.  (See Carolyn Bailey *Disciplinary Complaint* re Michael S. Ackerman, Esq. to New Jersey Supreme Court.)

The general public is currently receiving a crash refresher course on the subject of "obstruction of justice".  Concealment is one of the key litmus tests.  In re Zucker Goldberg offers a New Jersey style, up close view of obstruction of justice, with laser precision.

As if that's not enough, to the best of my knowledge, dozens of licensed New Jersey Attorneys are performing their best imitations of "The 3 Monkeys" – Hear no, see no, speak no evil.  These legal representatives have, to date, taken no steps to report the $1,000,000 or more in **EMBEZZLEMENT CRIMES** by Mr. Ackerman.  That is certainly concealment, and convincing evidence of Misprision of Felony.

1

Thus the purpose of this Appeal is two-fold:

      A) Preserve my options to pursue justice against the Appellees.

      B) Highlight a "forgotten" role of Officers of the Court – the obligation to report

the **EMBEZZLEMENT CRIMES** of Michael S. Ackerman, Esq.

## STATEMENT OF JURISDICTION

This Appeal arises from two final Orders, dated May 30, 2017, of the United States Bankruptcy Court – New Jersey District, which:

      1) Denied Appellant's Motion to Lift Stay. (A002-003)

      2) Granted Appellee Zucker Goldberg's Cross Motion to Expunge Appellant's

Claim 76 against the Bankruptcy Estate. (A004-005)

The two Orders do **not** conclude the entire Bankruptcy case. However, the two Orders represent finality, and if not reversed/vacated, *"resolve a discrete segment of the underlying proceeding."* (Cite omitted) (See three guidelines for "finality" referred to in In re M & S Grading, Inc. 526 F.3d 363, 368 (8th Cir 2008)).

This Court, sitting in its bankruptcy appellate capacity, has jurisdiction over this Appeal, under 28 U.S.C. §158, as it applies to Fed. R. Bankr P. 8001(a).

## STANDARD OF REVIEW

A Bankruptcy Court's conclusions of law are reviewed de novo, and its findings of fact are subject to a clearly erroneous standard. Fed. R. Bankr. P. 8013; In re United Healthcare System, Inc., 393 F.3d 247, 249 (3d Cir. 2005)).

2

## STATEMENT OF FACTS

This case arises out of Appellant's RICO case, Bailey v. Zucker Goldberg, filed in the

New Jersey Superior Court Appellate Division Docket # A-00239-14; Trial Court L-8231-13

(Essex County). That case was fully briefed and ready for Oral Argument before the Appellate

Division when Appellee/Debtor Zucker Goldberg filed for bankruptcy on August 3, 2015. No

further action was required on the part of Appellant, or Appellees' legal representatives for the

case – Andrew Sayles, Esq. and Steven Kroll, Esq., of Connell Foley LLP. It was solely an

administrative matter for the Appellate Clerk's office. The US Bankruptcy Court-New Jersey

District heard the Motion (A014-034) for In re Zucker Goldberg, to lift the automatic stay

invoked under the Bankruptcy petition filed by Yankee Title DBA Zucker, Goldberg &

Ackerman LLC. After hearing arguments by both parties, on September 25, 2015, the

Bankruptcy Court issued a restricted Order (A070-071), permitting Bailey v. Zucker Goldberg to

proceed before the New Jersey Appellate Division.


Appellant's Oral Argument before the New Jersey Appellate Court was heard on January

21, 2016. The New Jersey Appellate Court affirmed the Trial Court decision on August 26,

2016. Appellant then sought and received an Order to file a Petition to the New Jersey Supreme

Court. (See A072-087 and A105-107.) On April 6, 2017 the New Jersey Supreme Court issued

an Order denying Appellant's Petition. Appellant next sought an Order from the Bankruptcy

Court to permit her to exercise her right to file a Petition to the United States Supreme Court, or

in the alternative, to stay her appeal rights until the Bankruptcy Court proceedings related to

Zucker Goldberg were finalized. (A108-124) Appellant took that opportunity to highlight a

dilemma that would result if the Bankruptcy Court denied the Motion To Lift Stay. Appellant's

New Jersey State case names as Defendants Appellee/Debtor Zucker Goldberg, as well as its Managing Attorney, Appellee Michael S. Ackerman, Esq., in his professional and individual capacity. Denying the Motion to Extend the Stay would hamper or prevent Appellant from pursuing redress against Appellee Ackerman for his unique and significant role in causing harm to Appellant and other parties in interest. The Bankruptcy Court denied Appellant's Motion re Appellee/Debtor Zucker Goldberg, but "de facto" granted permission to file a United States Supreme Court Petition pertaining only to Appellee Michael S. Ackerman, Esq. (A002-005) Appellant then filed this instant Appeal.

## STATEMENT OF ISSUES PRESENTED

### Direct Issues

A. Whether it is reversible error for the Bankruptcy Court to deny Appellant's Motion To Lift Stay related to Appellee/Debtor Zucker Goldberg & Ackerman, LLC, while de facto granting the Motion to Lift Stay for the other named New Jersey State Court Defendant, Michael S. Ackerman, Esq., in his professional and individual capacity.

B. Whether the granting of Appellee/Debtor Zucker Goldberg's Cross Motion to Expunge Appellant's Claim 76 is evidence of Misprision of Felony, and thus should be vacated or reversed, in the public's interest.

### Ancillary Issue

C. Whether Appellant's Limited Objection to Plan Approval (See In re Zucker Goldberg Case 15-24585-CMG, Doc 832), should be recognized, and/or the Bankruptcy Court's ruling reserved, until this instant Appeal is concluded.

4

## ARGUMENT

### ISSUE A

The Bankruptcy Court erroneously failed to acknowledge and/or accept the findings of Judge Donald Steckroth's Examiner Report which concluded that Appellees Michael S. Ackerman, Esq. and Zucker Goldberg were alter egos. He indicated that the two were so intricately intertwined and commingled that there was a basis to pierce the corporate veil.

The relationship of Michael S. Ackerman, Esq. and Zucker Goldberg checks all the boxes for the "My Bread Baking" 12 criteria for substantive consolidation:

(1) common ownership;

(2) pervasive control;

(3) confused intermingling of business activity assets, or management;

(4) thin capitalization;

(5) nonobservance of corporate formalities;

(6) absence of corporate records;

(7) no payment of dividends;

(8) insolvency at the time of the litigated transaction;

(9) siphoning away of corporate assets by the dominant shareholders;

(10) nonfunctioning of officers and directors;

(11) use of the corporation for transactions of the dominant shareholders;

(12) use of the corporation in promoting fraud.

(See In re Cameron Constr. & Roofing Co., Inc., Footnote 6)

5

Yet, the Bankruptcy Court did **not** connect the dots when it came to Appellant's efforts, including her May 3, 2017 Motion To Lift Stay. Denying that Motion, as it pertains to Appellee Zucker Goldberg, while granting de facto approval to proceed against Appellee Michael S. Ackerman, Esq., is like trying to unscramble eggs. That misguided slice-and-dice attempt defies the realities, and hinders Appellant from a meaningful pursuit of justice. There is no separating Michael S. Ackerman, Esq.'s misdeeds, fraud, and crimes from his significant role at Zucker Goldberg. Therefore the proper remedy is to reverse/vacate Judge Christine M. Gravelle's Orders.

## ISSUE B

Appellees' Cross Motion (A127-141) to expunge Appellant's Creditor Claim 76 (A142-158) against the Zucker Goldberg Bankruptcy Estate, is a "too clever" maneuver to run out the clock. Once Appellant's Claim is expunged, Appellant can no longer play an effective role as "The Town Crier", proclaiming the "news" no one wants to hear – Michael S. Ackerman, Esq. has committed pre-petition and post-petition **EMBEZZLEMENT CRIMES !** A long list of interested parties, including New Jersey licensed Attorneys and Attorneys of other jurisdictions admitted pro hoc vice, either know, should know, have reasons to know, are consciously avoiding knowledge, or are reckless in not knowing, that Michael S. Ackerman, Esq. is a **CROOK**. Their failure to report is Misprision of Felony. That obligation is applicable to non-lawyers, but doubly so for Officers of the Court. Appellant's ongoing efforts to sound the alarm should **not** be muzzled by expunging her Claim. Quite to the contrary; Appellant's Claim should remain intact and receive the same consideration as all other creditors in her class or category. Therefore, Judge Gravelle's Order to expunge Appellant's Claim should be reversed/vacated.

**ANCILLARY ISSUE C**

Appellant filed two <u>Limited Objections</u> to Plans regarding the dissolution of Zucker Goldberg. (See <u>In re Zucker Goldberg & Ackerman, LLC</u> Docs 797 and 832.) To date those <u>Objections</u> have **not** been scheduled for a hearing. Should Appellees' <u>Cross Motion</u> stand, Appellant's <u>Objections</u> will bite the dust, by being summarily dismissed or ignored. That would further aid Appellees' attempts to silence Appellant's whistleblower activities. Therefore, in the interest of justice, Appellant's <u>Limited Objections</u> should be preserved and addressed.

## CONCLUSION

For the foregoing reasons, Appellant urges this Court to:

1) Reverse/vacate the Orders denying the <u>Motion To Lift Stay</u>.

2) Re-instate Claim 76 by reversing/vacating Appellees' <u>Cross Motion to Expunge</u>.

3) Preserve Appellant's <u>Objections</u> to Plan Approval, pending the conclusion of this Appeal.

Respectfully submitted,

Carolyn Bailey
14 Cliff Street
Newark, New Jersey 07106-1628
973-399-9299
HurtingHomeOwner@aol.com

7

## STATEMENT WITH RESPECT TO ORAL ARGUMENT

The Appellant respectfully suggests that oral argument may prove enlightening and of benefit to the Court. There are several related and inter-related litigations, at various stages of process. Oral argument may assist the Court in establishing the relevance, or lack thereof, of concurrent issues while reaching its decision.

## CERTIFICATE OF SERVICE

I, Carolyn Bailey, do hereby certify that a true and correct copy of the foregoing Appeal

has been filed with the Clerk of Court, and served upon –

    Daniel Stolz, Esq.
    Wasserman, Jurista & Stolz
    110 Allen Road  Ste 304
    Basking Ridge, NJ  07920
    US Postal Confirmation # 2312 0200 0000 3664 6436

July 10, 2017

Carolyn Bailey
14 Cliff Street
Newark, New Jersey  07106-1628

9

## Certificate of Compliance With Rule 8015(a)(7)(B) or 8016(d)(2)

This brief complies with the type-volume limitation of Rule 8015(a)(7)(B) or 8016(d)(2) because:

☑ this brief contains **1542** words, excluding the parts of the brief exempted by Rule 8015(a)(7)(B)(iii) or 8016(d)(2)(D), or

☐ this brief uses a monospaced typeface having no more than 10½ characters per inch and contains _____ lines of text, excluding the parts of the brief exempted by Rule 8015(a)(7)(B)(iii) or 8016(d)(2)(D).

_Carolyn Bailey_
Signature

Date: __July 10, 2017__

Print name of person signing certificate of compliance:
**Carolyn Bailey, Appellant**

10